# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KELLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-2534 |
| v. | |
| CITY OF SCRANTON, MARK SEITZINGER, and MICHAEL MITCHELL, | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants the City of Scranton ("Scranton"), Mark Seitzinger ("Seitzinger"), and Michael Mitchell's ("Mitchell") Motion to Dismiss. (Doc. 13.) For the reasons discussed below, the motion will be granted in part and denied in part. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 (federal question).

## BACKGROUND

The facts alleged in Plaintiff's Amended Complaint are as follows:

Plaintiff David Keller was at all relevant times the owner of the real property situated at 605-607 Cedar Avenue, Scranton, Pennsylvania. (Amend. Compl. ¶¶ 1, 9, Doc. 10.) Defendant Scranton is a duly organized municipality of the Commonwealth of Pennsylvania. (Amend. Compl. ¶ 2.) Defendant Seitzinger was at all relevant times the "Director of the Department of Licensing, Inspections and Permits/Building Code Official for the City of Scranton." (Amend. Compl. ¶ 3.) Defendant Mitchell was at all relevant times the "Deputy Director of Public Safety and Conservation for the City of Scranton." (Amend. Compl. ¶ 4.)

On or about August 2008, Seitzinger and Mitchell scheduled the demolition of the improvements on Plaintiff's property. (Amend. Compl. ¶ 11.) Defendants also arbitrarily entered Plaintiff's property without a search warrant and without probable cause. (Amend. Compl. ¶ 13.) Defendants demolished Plaintiff's premises without providing him notice or an opportunity to exercise his due process rights. (Amend. Compl. ¶¶ 13, 24.) Defendants acted "pursuant to a specific design, plan, and policy to substitute the criteria of the Ordinances of Defendant, City of Scranton, and The Code with the criteria, discretion, and will, of the individual Defendants." (Amend. Compl. ¶ 17.) Defendants decision was based upon their own personal criteria and animosity. (Amend. Compl. ¶ 25.)

Plaintiff filed a complaint on December 24, 2009, bringing claims against Scranton and Seitzinger. (Doc. 1.) After Defendants Scranton and Seitzinger moved to dismiss the complaint, Plaintiff filed an amended complaint on February 17, 2010, adding claims against Defendant Mitchell. (Doc. 10.) All Defendants filed the present motion to dismiss on February 23, 2010. (Doc. 13.) This motion has been fully briefed by both parties, and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual

allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

3

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiff's Amended Complaint contains one count with multiple theories of liability. Plaintiff alleges a cause of action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment Rights. Section 1983 provides redress for individuals whose constitutional rights are violated by governmental actors.[1] "To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir.1997). Plaintiff alleges that each of the individual Defendants acted as an agent of Scranton, a governmental entity, and therefore, he has sufficiently alleged the second prong's "under color of state law" requirement. I will now consider the sufficiency Plaintiff's allegations that he was deprived of federally protected rights.

---

[1] 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

### I. Claims Against Seitzinger and Mitchell

A. Fourth Amendment

Plaintiff alleges that Defendants Seitzinger and Mitchell violated his Fourth Amendment rights by searching his property without warrant or probable cause. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend IV. The Fourth Amendment, applied to the States through the Fourteenth Amendment, applies to state government officials in various capacities. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987). The Supreme Court has held that administrative searches to determine whether private property complies with safety, health, and fire codes "are significant intrusions upon the interests protected by the Fourth Amendment" and that they are searches which require a warrant. *Camara v. Mun. Court of City and County of S.F.*, 387 U.S. 523, 534 (1967). Plaintiff sufficiently alleges that Seitzinger and Mitchell personally violated his Fourth Amendment rights by entering Plaintiff's property without a warrant (Amend. Compl. ¶ 13), therefore, Defendants' motion to dismiss this claim will be denied.

B. Procedural Due Process

Plaintiff alleges that Defendants violated his procedural due process rights under the Fourteenth Amendment by depriving him of his property without notice or an opportunity to be heard. To establish a cause of action for a procedural due process violation, a plaintiff must first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *See, Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Thus, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, *unless* those processes are unavailable or patently inadequate." *Id.* at 116 (emphasis added). Plaintiff sufficiently alleges a property interest and that he was given no notice or other process prior to the deprivation of that property interest. (Amend. Compl. ¶ 13, 24.) Plaintiff also alleges that Defendants Seitzinger and Mitchell were personally involved in this process when they ordered the structure of Plaintiff's premises destroyed. (Amend. Compl. ¶ 11.) Defendants' motion to dismiss this claim will be denied.

### C. Substantive Due Process

Plaintiff also alleges that the Defendants violated his substantive due process rights. The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." U.S. CONST. amend. XIV. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Plaintiff alleges that Defendants violated his rights by entering his property without probable cause, covered by the Fourth Amendment, and depriving him of a protected property interest without notice, covered by the Procedural Due Process Clause. Because each of the alleged violations of Plaintiff's rights are covered by other explicit textual protections of the Constitution, he fails to state a claim for violation of substantive due process. Defendants' motion to dismiss this claim will be granted.

## II. Claims Against Scranton

Plaintiff brings several claims against Defendant Scranton. Under § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Instead, liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. There are three (3) instances when the constitutional tort of a municipal employee satisfies the requirements of *Monell* liability. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Second, a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). None of these three instances are alleged here. First, Plaintiff alleges that Seitzinger and Mitchell substitued their own policies and discretion for the policies of Scranton. (Amend. Compl. ¶ 17.) Second, Plaintiff does not allege that either Seitzinger or Mitchell is a final policy-maker for Scranton. Because Plaintiff fails to allege a policy of Scranton caused his injuries, Defendants' motion to dismiss all claims against Scranton will be granted.

**III.     Damages**

Defendants also argue that the request for punitive damages from the City of Scranton, and from Defendants Seitzinger and Mitchell in their official capacities should be dismissed. Plaintiff concedes that punitive damages may not be awarded against municipalities or against municipal officers in their official capacities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

**CONCLUSION**

For the reasons stated above, Defendants' motions will be granted in part and denied in part. Specifically, Plaintiff's claim against Defendants Seitzinger and Mitchell for violations of his substantive due process rights will be denied because these allegations are subsumed in his other claims. Plaintiff's claims against Scranton will also be dismissed because Plaintiff fails to allege that a policy of Scranton was responsible for the violations of his rights. Plaintiff's claims for punitive damages against the City of Scranton, Seitzinger and Mitchell in their official capacities, will be dismissed. As to the remaining claims, Defendants motion to dismiss will be denied.

| | |
|---|---|
| May 24, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KELLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-2534 |
| v. | |
| CITY OF SCRANTON, MARK SEITZINGER, and MICHAEL MITCHELL, | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this 24th day of May, 2010, **IT IS HEREBY ORDERED** that Defendants the City of Scranton, Mark Seitzinger, and Michael Mitchell's Motion to Dismiss (Doc. 13) will be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff's claims for violations of his substantive due process rights, the motion is **GRANTED**.

(2) As to Plaintiff's claims against the City of Scranton, the motion is **GRANTED**.

(3) As to Plaintiff's claims for punitive damages against Defendants Mark Seitzinger and Michael Mitchell, in their official capacities, the motion is **GRANTED**.

(4) As to the remainder, the motion is **DENIED**.

  /s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge